[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This matter comes before the court by way of the defendant's post judgment Motion for Modification (#116) of child support orders dated July 21, 2000. The court heard argument by Mr. Pease on September 25, 2000, and November 27, 2000. The decree dissolving the marriage was entered on January 5, 1990. At that time, the court ordered support for the then three minor children. At this time one child has predeceased, and both remaining children have reached the age of majority. The original decree called for the payment of child support in an unspecified amount and required the defendant to, in essence, pay all the expenses for the children. The order was modified by this court to $200.00 per week on May 1, 1995. According to the testimony of the defendant, the parties later agreed to voluntarily modify this amount without court order to $150.00 which the defendant has paid faithfully through direct payments to the State of Connecticut pursuant to that agreement. Subsequently, the plaintiff moved to California where she commenced a support enforcement action to collect the original court order of $200.00 per week, never formally modified. At the time of her move, according to the defendant, there was no arrearage due and owing to Connecticut. The State of California has entered an ex parte order, and the defendant's wages continue to be withheld as a result of that court's order, despite the fact that both children are living with the defendant in Connecticut CT Page 531 and both have reached their majority. In addition, the State of California has intercepted the defendant's income tax refund in the amount of $768.00. The defendant claims that he has been over charged by the State of California the sum of $50.00 per week for child support while he had an outstanding obligation to support Brian. In addition, he seeks an order terminating child support effective July 1, 2000, a finding that no arrearage existed at the time of the plaintiff's move to California, as well as credit for any other overpayments, including the income tax refund interception in the amount of $768.00.
 FINDINGS 
The Court, having heard the testimony of the defendant, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-84(b), 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That CASEY PEASE reached his majority as of September 9, 1995.
 2. That BRIAN PEASE reached his majority on January 21, 2000, and has graduated from high school, and that it is equitable and appropriate that child support cease effective July 1, 2000.
 3. That the parties entered into a voluntary agreement that child support would be reduced to $150.00 per week, and that said sums were to be paid through the Support Enforcement in Connecticut; and that payments were made pursuant to that agreement, and that no arrearage existed as of the time the plaintiff moved to California.
 4. That the defendant relied upon the voluntary agreement of the parties in making the child support payments in connection therewith, that by accepting said payments without protest the plaintiff gave her assent to the agreement, and that she should be estopped from enforcing the original court order.
5. That the defendant should be entitled to an appropriate credit and/or refund for any overpayments as follows: CT Page 532
 a. $200.00 per week from July 1, 2000, including $418.38 withheld from his paycheck on September 28, 2000;
 b. $50.00 per week for the period commencing with the wage withholding by the State of California through and including July 1, 2000;
c. $768.00 which represents the intercepted tax refund; and
 d. Any sums over and above the foregoing which have been applied toward the arrearage attributable to the court order dated May 1, 1995, and which this court specifically finds to be non-existent.
 ORDER 
IT IS HEREBY ORDERED THAT:
1. That all child support obligations shall cease effective July 1, 2000.
 2. That the defendant should be entitled to an appropriate credit and/or refund for any overpayments as follows:
 a. $200.00 per week from July 1, 2000, including $418.38 withheld from his paycheck on September 28, 2000;
 b. $50.00 per week for the period commencing with the wage withholding by the State of California through and including July 1, 2000;
c. $768.00 which represents the intercepted tax refund; and
 d. Any sums over and above the foregoing which have been applied toward the arrearage attributable to the court order dated May 1, 1995.
 3. The court hereby reserves jurisdiction to enter any further orders necessary to clarify and/or implement the foregoing.
CT Page 533 THE COURT
SHAY, J.